UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| NOBLE U. EZUKANMA, )<br>    ID # 49684-177, )<br>        Movant, )<br>  )<br>vs. )<br>  )<br>UNITED STATES OF AMERICA, )<br>        Respondent. ) | <br><br><br>No. 3:20-CV-318-B-BH<br>No. 3:15-CR-254-B(1)<br><br><br> |

### ORDER ACCEPTING FINDINGS AND RECOMMENDATION OF THE UNITED STATES MAGISTRATE JUDGE AND DENYING CERTIFICATE OF APPEALABILITY

The United States Magistrate Judge made Findings, Conclusions, and a Recommendation ("FCR") in this case on February 3, 2023. Movant Noble U. Ezukanma ("Movant") filed objections to the FCR on March 3, 2023 (doc. 27), and the Court has made a *de novo* review of those portions of the proposed findings and recommendation to which objection was made.

### I. Movant's Objections

The March 3, 2023 FCR recommended that Movant's 28 U.S.C. § 2255 motion to vacate, set aside, or correct sentence, which raised three grounds for relief based on the ineffective assistance of counsel under the Sixth Amendment, be denied with prejudice. Movant now objects to the denial of each ground.

### A. Right to Testify

In his first ground for relief, Movant contended that trial counsel was constitutionally ineffective because he either inadequately or incorrectly advised him on whether to testify in his defense at trial. An evidentiary hearing was conducted on this ground on August 12, 2021. The FCR found that Movant had failed to carry his burden to show deficient performance and prejudice

under *Strickland v. Washington*, 466 U.S. 668 (1984), and therefore recommended that this ground be denied.

In addition to reiterating many of the same arguments presented in his § 2255 filings and at the evidentiary hearing, Movant objects to the FCR on the bases that it failed to address whether counsel's performance was constitutionally deficient with respect to Movant's right to testify where counsel did not (1) give Movant a specific assessment of the strength of the Government's case and the likelihood of conviction; (2) tell Movant that the evidence before the jury ensured a conviction without his testimony; (3) correct a "clearly wrong" assessment by Movant regarding whether the Government had proven his guilt beyond a reasonable doubt; and (4) correct Movant's misunderstanding of the strength of the Government's evidence. (doc. 27 at 5-6.) Movant has not directed the Court to any binding case law supporting the imposition of such duties on defense counsel under the Sixth Amendment, especially where, as here, counsel testified that he discussed with Movant, before and during the trial, the Government's burden of proof, the credibility of the witnesses at trial, problems with the Government's case, and the sufficiency of the Government's evidence to satisfy its burden, that Movant's assessment of the case *might* have been wrong, and that he could not predict what the jury would do or whether they had a reasonable doubt.

Further, each of these areas of inquiry challenging the constitutional sufficiency of counsel's performance at the time of trial is premised on the assumption that the jury's guilty verdict was a foregone conclusion, and each is thereby contingent on and viewed through the "distorting lens of hindsight." *Strickland*, 466 U.S. at 689. The Sixth Amendment, however, "guarantees reasonable competence, not perfect advocacy judged with the benefit of hindsight." *Yarborough v. Gentry*, 540

U.S. 1, 8 (2003) (citing *Bell v. Cone*, 535 U.S. 685, 702 (2002)) (other citations omitted). Movant's arguments do not show that counsel's performance was deficient, and his objections based on these arguments are overruled.

Movant's remaining objections relating to this ground for relief are also overruled.

B. **Inadmissible Testimony**

In his second ground for relief, Movant contended that counsel was ineffective for failing to object or challenge alleged inadmissible hearsay testimony from Government witness Denson Burkhead ("Burkhead") regarding patients who told Burkhead that they did not need, and did not receive any positive benefit from, home healthcare visits. The FCR assumed for purposes of the motion that counsel's performance was deficient as alleged by Movant, and in recommending that the ground be denied, it determined that Movant failed to show resulting prejudice under *Strickland*.

Here, Movant objects to the FCR's characterization of his arguments of prejudice as conclusory and its conclusion that he failed to show *Strickland* prejudice. Movant argues that the unchallenged portions of Burkhead's testimony that were cited in the FCR's analysis involved topics different from the challenged testimony, and that the credibility of the testimony presented by several other witnesses pertaining to the challenged topic was low by virtue of the witnesses' association with the Government, whereas the credibility of the alleged inadmissible testimony was very high. Given the existence of other circumstantial evidence and testimony—both related and unrelated to the challenged topic and testimony—to support Movant's conviction, and regardless of the characterization of his arguments, Movant has failed to meet his substantial burden to demonstrate a reasonable probability that the outcome of his trial would have been different but for counsel's

3

failure to object to the challenged portion of Burkhead's testimony, even assuming for purposes of the § 2255 motion that the Court would have sustained such an objection. *See United States v. Drones*, 218 F.3d 496, 503 (5th Cir. 2000). Because he has shown no "more than the mere possibility of a different outcome," which is insufficient to satisfy his burden, his objections as to this claim are overruled. *Id.* (quoting *Ransom v. Johnson*, 126 F.3d 716, 723 (5th Cir. 1997)) (internal quotation marks omitted).

C.  **Uncalled Witness**

In his third ground, Movant contended that counsel was ineffective in failing to interview and call as a witness Delia Brandt ("Brandt"), an alleged exculpatory witness. The FCR assumed for purposes of the § 2255 motion that counsel's performance was deficient, but determined that Movant had failed to show *Strickland* prejudice and was therefore not entitled to habeas relief.

Movant again objects to the characterization of his arguments regarding prejudice as conclusory and the conclusion that he failed to show *Strickland* prejudice. Brandt's affidavit and hearing testimony show that had she been called as a witness, she would have been able to testify about Movant's responses and reactions to billing issues she discussed with him, what she heard on a call between Movant and a co-conspirator which Movant invited her to listen in on, and her perception of Movant's responses and reactions during her discussion with him and on the call, all of which Movant argues shows *Strickland* prejudice. Regardless of their characterization, Movant's arguments speculate on the weight the jury would have given such testimony, especially given the potentially problematic timing and circumstances leading up to the events Brandt would have testified about, and the other evidence presented at trial to support the guilty verdict. His arguments

4

and speculation do not demonstrate a reasonable probability that the result of the trial would have been different but for counsel's alleged deficiency. As such, he has not satisfied his burden under *Strickland*, and his objections on this claim are overruled.

## II. Order of Acceptance

Movant's objections are **OVERRULED**. In accordance with 28 U.S.C. § 636(b)(1), the Court is of the opinion that the Findings and Conclusions of the Magistrate Judge are correct and they are accepted as the Findings and Conclusions of the Court. For the reasons stated in the February 3, 2023 Findings, Conclusions, and Recommendation of the United States Magistrate Judge, and the reasons discussed herein, the *Motion Under 28 U.S.C. Section 2255, to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody*, received on February 10, 2020 (doc. 1), will be denied with prejudice by separate judgment.

## III. Certificate of Appealability

In accordance with Fed. R. App. P. 22(b) and 28 U.S.C. § 2253(c) and after considering the record in this case and the recommendation of the Magistrate Judge, Movant is **DENIED** a Certificate of Appealability. The Court adopts and incorporates by reference the Magistrate Judge's Findings, Conclusions, and Recommendation in support of its finding that Movant has failed to show (1) that reasonable jurists would find this Court's "assessment of the constitutional claims debatable or wrong," or (2) that reasonable jurists would find "it debatable whether the petition states a valid claim of the denial of a constitutional right" and "debatable whether [this Court] was correct in its procedural ruling." *Slack v. McDaniel,* 529 U.S. 473, 484 (2000).[1]

---

[1] Rule 11 of the Rules Governing Section 2255 Proceedings for the United States District Courts, as amended effective on December 1, 2019, reads as follows:

In the event that Movant files a notice of appeal, he must pay the $505.00 appellate filing fee or submit a motion to proceed *in forma pauperis* that is accompanied by a properly signed certificate of inmate trust account.

**SIGNED this 9th day of March, 2023.**

_____
JANE J. BOYLE
UNITED STATES DISTRICT JUDGE

---

**(a) Certificate of Appealability.** The district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant. Before entering the final order, the court may direct the parties to submit arguments on whether a certificate should issue. If the court issues a certificate, the court must state the specific issue or issues that satisfy the showing required by 28 U.S.C. § 2253(c)(2). If the court denies a certificate, a party may not appeal the denial but may seek a certificate from the court of appeals under Federal Rule of Appellate Procedure 22. A motion to reconsider a denial does not extend the time to appeal.
**(b) Time to Appeal.** Federal Rule of Appellate Procedure 4(a) governs the time to appeal an order entered under these rules. A timely notice of appeal must be filed even if the district court issues a certificate of appealability. These rules do not extend the time to appeal the original judgment of conviction.